1w607
2w111

### THE PORT BLAKELY MILL CO. *vs.* CHRISTIAN CLYMER.

The acknowledgment of the clerk of the lower court under seal, of the service of the notice of writ of error required to be served upon him is not proof of service, nor does such acknowledgment constitute color of service.

The statute has provided how service shall be made, and declared that the return of the officer, or the affidavit of the party making the service afford the proof, unless the record show such proof, or there be waiver, this court has no jurisdiction.

A transcript not sent up in obedience to the statutory notice is not to be received by this court.

Error to Third Judicial District holding terms at Seattle.

*McNaught Bros.* and *H. G. Struve* for plaintiff in error.

*Thomas Burke* and *J. B. Allen* for defendant in error.

Opinion by GREENE, Chief Justice.

The primary and decisive question on this motion is, whether there is any proof before this court that the notice required by Sections 460 and 461 of the Civil Practice Act has been duly served upon the clerk of the court below.

The 498th and 751st sections of that act determine how the service must be made and what must be the proof of it.   This proof, according to the statute, is either the return of the officer, or the affidavit of any other person making the service.

The only thing we have tendered us, by way of proof of service, is what purports to be an acknowledgment by the clerk, under seal of the inferior court, that he has been served.

This acknowledgment, we cannot hold to be good proof.   The law does not authorize us to receive any such acknowledgment as evidence of service.   Where the statute provides a certain

mode of proving a fact, judges cannot, in their discretion, at least in derogation of the common law, hold any other mode of proof available. The contrary would be an exceedingly dangerous doctrine.

The defendant in error has not appeared in this cause, save specially to urge this motion. Had he appeared generally, we incline to think all questions as to the proof and fact of service on the clerk would have been waived.

As there is before us no proof of whether there were acts done which would amount to service, we have nothing on which to base an inquiry, under Section 468 of the Practice Act, as to whether the service, though defective, were yet sufficient.

No service at all appears, nor any thing bearing the color of service. We must therefore treat this case as if none existed.

Service, where not waived, is necessary to jurisdiction. A transcript, or what purports to be such, not sent up in obedience to the statutory notice, does not come properly accredited. No jurisdiction is given us by law to consider the matters contained in such a mass of writings, nor even to receive it. The motion to dismiss must therefore be sustained.